IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DANIEL A. WEBSTER,                        :
                                          :
                Petitioner,               :
                                          :
        v.                                :      Civ. Act. No. 04-361-JJF
                                          :
RICK KEARNEY, Warden, and M.              :
JANE BRADY, Attorney General              :
of the State of Delaware,                 :
                                          :
                Respondents.              :

_____

Daniel A. Webster.  Pro se Petitioner.

Thomas E. Brown, Deputy Attorney General, Delaware Department of
Justice, Wilmington, Delaware.  Attorney for Respondent.

_____

**MEMORANDUM OPINION**

March 8, 2006
Wilmington, Delaware

Farnan, District Judge

Pending before the Court is an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner, Daniel A. Webster. (D.I. 2.)  For the reasons discussed, the Court will dismiss Petitioner's Fourth Amendment claim.  As for his remaining claims, the Court concludes that Petitioner has presented a mixed Petition containing both exhausted and unexhausted claims.  Because the AEDPA limitations period has expired during the pendency of the Petition in this Court and state court relief may still be available to Petitioner, the Court will provide Petitioner two alternatives: (1) Petitioner can provide the Court with evidence of good cause so the Court can determine whether a stay of the remaining claims is warranted to allow Petitioner an opportunity to pursue state remedies for his unexhausted claims, or (2) Petitioner can delete his unexhausted claims from the Petition and the Court will proceed with a review of the merits of his exhausted claim.

I.   BACKGROUND

In May 2003, a jury convicted Petitioner of stalking in violation of 11 Del. C. Ann. § 1312(A).  The Delaware Superior Court sentenced Petitioner to three years imprisonment, with credit for 412 days previously served, followed by six months probation.

Prior to trial, Petitioner's counsel filed a motion

1

requesting a court-ordered mental evaluation of Petitioner.  The
Superior Court granted the motion, but Petitioner refused to be
examined unless his attorney was present.  The Superior Court
modified the order to clarify that the sole purpose of the
examination was to determine Petitioner's competency to stand
trial.  Petitioner still refused to be examined.  As a result,
the Superior Court found that, by failing to cooperate,
Petitioner waived both the issue of his competency to stand trial
and any mental illness defense.  The trial proceeded, and
Petitioner did not testify or present any evidence regarding his
mental state.  After his conviction, Petitioner appealed to the
Delaware Supreme Court arguing that he had been deprived of a
possible mental illness defense because the State Hospital failed
to evaluate his mental status, despite his refusal to cooperate
with hospital personnel.  The Delaware Supreme Court rejected
Petitioner's claim and affirmed his conviction and sentence.
Webster v. State, 2003 WL 23019195 (Del. Dec. 23, 2003).

    Petitioner did not file a motion for state post-conviction
relief pursuant to Delaware Superior Court Criminal Rule 61, but
instead filed a Rule 35 motion for correction of illegal
sentence.  The Delaware Superior Court denied Petitioner's Rule
35 motion, and the Delaware Supreme Court affirmed.  (D.I. 2, at
¶ 9.)

    In June 2004, Petitioner filed the instant Petition for
federal habeas relief.  (D.I. 2.)  Respondent filed an Answer

contending that Petitioner has presented the Court with a mixed Petition that must be dismissed to allow Petitioner to present his unexhausted claims to the Delaware state courts.  (D.I. 10.)

## II.  GOVERNING LEGAL PRINCIPLES

### A.  Exhaustion And Procedural Default

Before seeking habeas relief from a federal court, a petitioner in custody pursuant to a state court judgment must first exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1).  The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions.  Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).  To satisfy this requirement, a petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding.  See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997)(citations omitted); Coverdale v. Snyder, 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000).  Fair presentation also requires the petitioner to raise the claim in a procedural context in

3

which the state courts can consider it on the merits.  Castille v. Peoples, 489 U.S. 346, 351 (1989).

If a federal habeas claim was not fairly presented to the state courts, and further state court review is still available, that claim is not exhausted.  Generally, a federal court will dismiss without prejudice an unexhausted claim in order to give a petitioner an opportunity to present the unexhausted claim to the state courts.  Lines v. Larkins, 208 F.3d 153, 159-60 (3d Cir. 2000).  However, it is possible for an unexhausted claim to be barred from further state court review due to state procedural rules.  Coleman v. Thompson, 501 U.S. 722, 731-32 (1991).  Such claims are considered to be procedurally defaulted, and the exhaustion requirement is excused.  See Slutzker v. Johnson, 393 F.3d 373, 380 (3d Cir. 2004)("[e]xhaustion is not required where pursuit of state remedies would be futile").  Federal habeas review of the merits of procedurally defaulted claims is precluded unless the petitioner can establish cause and prejudice for his procedural default, or that a miscarriage of justice will result if his claim is not reviewed on the merits.  See Coleman, 501 U.S. at 745-46.

B.   Mixed Petitions

A petition containing both exhausted and unexhausted habeas claims is referred to as a mixed petition.[1]  See generally Rose

_____

[1]When a petition contains exhausted claims and procedurally defaulted claims, the petition is not considered a mixed

4

v. Lundy, 455 U.S. 509 (1982).  A district court must dismiss a
mixed petition in its entirety without prejudice in order to give
the petitioner an opportunity to present the unexhausted claims
to the state courts, but only if the AEDPA's limitations period
will not clearly foreclose a future collateral attack.  Rhines v.
Weber, - U.S. - , 125 S. Ct. 1528, 1533 (2005);  Pliler v. Ford,
542 U.S. 225, 124 S.Ct. 2441, 2445 (2004);  Rose, 455 U.S. at
510, 522;  Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir.
1997).

     If a petitioner presents a district court with a mixed
petition, but an "outright dismissal [of the petition] could
jeopardize the timeliness of a [future] collateral attack," the
district court has discretion to stay the habeas proceeding in
order to enable the petitioner to return to state court and
exhaust state remedies.  Rhines, 125 S.Ct. at 1533 (holding that
the situations in which a federal court has discretion to engage
in the stay-and-abey procedure for mixed petitions are very
limited); compare with Crews v. Horn, 360 F.3d 146, 154 (3d Cir.
2004)(holding that "a stay is the only appropriate course of
action" for a mixed petition "when an outright dismissal could
jeopardize the timeliness of a collateral attack.").  The stay-
and-abey procedure is only appropriate if the district court

---

petition.  Slutzker, 393 F.3d at 380;  Toulson v. Beyer, 987 F.2d
984, 987 (3d Cir. 1993)(A "petition containing unexhausted but
procedurally barred claims in addition to exhausted claims [] is
not a mixed petition.").

determines that the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 125 S.Ct. at 1535.

## III.  DISCUSSION

Petitioner asserts four grounds for relief in his Petition. Specifically, Petitioner contends that: (1) he was denied his Sixth Amendment right to effective assistance of counsel because counsel elected a mental illness defense and because the Superior Court denied his requests for substitute counsel; (2) he was convicted on the basis of evidence obtained by an illegal arrest; (3) his conviction violated the Double Jeopardy Clause; and (4) he was deprived of a mental illness defense because no doctor in private practice rendered an opinion as to his condition.  (D.I. 10.)

Respondents acknowledge that Petitioner presented his claim that he was deprived of a mental illness defense to the Delaware Supreme Court in his direct appeal.  Thus, Petitioner has exhausted his state remedies with respect to this claim.  See Smith v. Digmon, 434 U.S. 332, 333 (1978); Swanger v. Zimmerman, 750 F.2d 291, 295 (3d Cir. 1984).  However, Respondents contend that Petitioner did not exhaust state remedies for his remaining claims.  Respondents contend that Petitioner can still pursue

6

further state court review of his ineffective assistance of counsel claim, but they do not address the availability of further state court review of his other unexhausted claims. In addition, Respondents contend that Petitioner's Fourth Amendment claim, i.e. that evidence obtained from an unlawful arrest was improperly used to convict him, should be dismissed as not reviewable. Accordingly, the Court will examine each of Petitioner's remaining claims to determine (1) if dismissal of his Fourth Amendment claim is warranted, and (2) whether state remedies are still available to Petitioner for his remaining unexhausted claims.

A.    Whether Petitioner's Fourth Amendment Claim Is
      Cognizable On Federal Habeas Review

Petitioner contends that his conviction was unlawful, because evidence obtained from an unlawful arrest was used against him during trial.[2] In Stone v. Powell, 428 U.S. 465 (1976), the United States Supreme Court addressed the availability of habeas relief for claims based on the Fourth Amendment. The Court concluded that a state prisoner may not be granted federal habeas relief on the grounds that evidence obtained in an unconstitutional search or seizure was introduced at trial "where the State has provided an opportunity for full

_____

[2]    For the reasons discussed infra with respect to Petitioner's double jeopardy claim, the Court also concludes that this claim is unexhausted; however, a stay of this claim is not warranted under Rhines, because the claim is plainly non-meritorious.

and fair litigation of a Fourth Amendment claim . . ." Id. at 494. Under Stone, even if a petitioner did not actually litigate his claim in the state courts, federal habeas review is precluded so long as the failure to litigate was not due to some unconscionable breakdown in the state court process. Boyd v. Mintz, 631 F.2d 247, 250 (3d Cir. 1980); Hubbard v. Jeffes, 653 F.2d 99, 103 (3d Cir. 1981).

The Delaware state courts have a mechanism for the presentation of Fourth Amendment issues. Specifically, Rule 41 of the Delaware Superior Court Rules of Criminal Procedure authorizes a defendant to file a pre-trial motion to suppress evidence. In this case, Petitioner did not avail himself of Rule 41, and Petitioner has not alleged, and the Court cannot find, any evidence in the record indicating that Petitioner was denied the opportunity to present such a motion due to a structural defect in the state system. See Marshall v. Hendricks, 307 F.3d 36, 82 (3d Cir. 2002). Accordingly, the Court concludes that Petitioner is precluded under Stone from seeking federal habeas review of his Fourth Amendment claim, and therefore, Petitioner's Fourth Amendment claim will be dismissed.

**B.**   Whether Petitioner's Remaining Claims Have Been Exhausted And Whether State Remedies Remain Available

1.   Ineffective assistance of counsel claim

Petitioner alleges that his counsel provided ineffective assistance because he elected to pursue a mental illness defense,

8

and the Superior Court denied his requests for substitute counsel. In Delaware, ineffective assistance of counsel claims should be presented to the Superior Court in a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61. See, e.g., Russo v. Snyder, 2000 WL 52158, at *5 (D. Del. Jan. 6, 2000). Although Petitioner did not file a Rule 61 motion in the Delaware Superior Court, the Court concludes that such a motion would not be definitively precluded.[3] See Younger v. State, 580 A.2d 552, 554 (Del. 1990); McNeil v. Snyder, 2002 WL 202100, at *5 (D. Del. Feb. 8, 2002). A Rule 61 motion would not be time-barred because three years have not yet passed from the date on which Petitioner's conviction became final. Del. Super. Ct. Crim. R. 61(i)(1); see Jackson v. State, 654 A.2d 829, 833 (Del. 1995).[4] Petitioner has not filed a previous motion under Rule 61, and therefore, the Court cannot conclude

---

[3]    In his form habeas Petition, Petitioner states that he filed a motion for correction of illegal sentence. (D.I. 2 at ¶ 11.) Although the state court records do not contain a copy of Petitioner's motion, the Court concludes that such a motion would have no impact on the Court's exhaustion analysis for either his ineffective assistance claim or his double jeopardy claim. See Brittingham v. State, 705 A.2d 577, 579 (Del. 1998)("The narrow function of Rule 35 is to permit correction of an illegal sentence, not to reexamine errors occurring at the trial or other proceedings prior to the imposition of sentence.")(internal citation omitted).


[4]    For relevant purposes, Petitioner's conviction became final on December 23, 2003, the date the Delaware Supreme Court issued its mandate. Del. Super. Ct. Crim. R. 61(m)(2). Petitioner is well within the three year time period for filing a post-conviction motion.

9

that such a motion would be barred under Rule 61(i)(2).  See Del.
Super. Ct. Crim. R. 61(i)(2); Robinson v. State, 562 A.2d 1184,
1185 (Del. 1989).  The Court is also not persuaded that a Rule 61
motion would be barred by Rule 61(i)(3), because that rule
typically does not apply to ineffective assistance of counsel
claims.  See State v. McCluskey, 2000 WL 33114370, at *11 (Del.
Super. Ct. Nov. 29, 2000); Cobb v. State, No. 362,1995 Order, at
7 (Del. Jan. 10, 1996).  Further, the Court concludes that this
claim was not formerly adjudicated, and therefore, it would not
be barred by Rule 61(i)(4).  See Del. Super. Ct. Crim. R.
61(i)(4).  Accordingly, the Court concludes that Petitioner's
claim of ineffective assistance of counsel has not been exhausted
and state court review is not definitively precluded.

      2.   Double jeopardy claim

    Petitioner also raises a claim that his conviction violates
double jeopardy.  Although Petitioner failed to raise this claim
on direct appeal or in a Rule 61 post-conviction proceeding, the
Court concludes that Petitioner is not definitely precluded from
filing a post-conviction motion in state court.  In reaching this
conclusion, the Court acknowledges that Petitioner may be
precluded from filing a Rule 61 motion under Rule 61(i)(3)
because he failed to raise this claim on direct appeal; however,
Petitioner may overcome this procedural bar demonstrating cause
and prejudice.  Accordingly, the Court concludes that
Petitioner's double jeopardy claim has not been exhausted, and

state court review is not definitively precluded.

  C. <u>Whether A Stay Of The Petition Is Warranted</u>

  Because Petitioner has presented the Court with a mixed petition containing both exhausted and unexhausted claims, the Court must determine whether it is appropriate to dismiss the Petition to allow Petitioner to pursue his available state remedies or whether a stay of the Petition is warranted.  In making this determination, the Court observes that, during the pendency of his Petition in this Court, the AEDPA's limitation period has expired.⁷  As a result, if the Court were to dismiss the Petition without prejudice in order to give Petitioner an opportunity to exhaust state remedies for his unexhausted claims, Petitioner would be precluded from filing a new federal habeas petition due to the expiration of the AEDPA's limitations period. In these circumstances, the Court has discretion to determine whether it should stay the instant habeas proceeding to afford Petitioner an opportunity to present his unexhausted claims to the Delaware state courts.  <u>Rhines</u>, 125 S.Ct. at 1533-35.

  A stay is warranted if the Court determines that Petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication

_____

   ⁷ The Delaware Supreme Court affirmed Petitioner's conviction and sentence in December 2003.  His conviction became final ninety days thereafter, in March 2004.  Accordingly, the Court concludes that the AEDPA's one-year limitations period expired in the Spring of 2005.

11

that the petitioner engaged in intentionally dilatory litigation
tactics." Id. at 1535.  Liberally construing Petitioner's
allegations at this stage of the proceedings, the Court cannot
conclude that his unexhausted claims are clearly non-meritorious.
Further, the Court cannot conclude at this juncture that
Petitioner engaged in dilatory litigation tactics by failing to
exhaust his state remedies.  Petitioner filed a direct appeal and
a Rule 35 motion to correct his sentence.  His direct appeal was
decided in December 2003, and he filed the instant habeas
application in June 2004.  Given his prior attempts to obtain
state court relief and the relatively short six month period
between these attempts and his decision to seek federal habeas
review, the Court cannot conclude that Petitioner's failure to
exhaust state remedies was dilatory in nature.  See Rhines, 125
S. Ct. at 1535.

     As for the good cause requirement, however, the Court has
insufficient information at this juncture to make a determination
as to whether Petitioner has established good cause.  Petitioner
does not allege, and the Court cannot discern, any cause for
Petitioner's failure to exhaust his state remedies with respect
to his ineffective assistance and double jeopardy claims;
however, courts have afforded petitioners in similar
circumstances an opportunity to demonstrate whether they had good
cause for failing to exhaust their state remedies.  See e.g.
Shaeib v. Berghuis, 2005 WL 3337759 (W.D. Mich. Dec. 8, 2005);

Bryant v. Greiner, 2005 WL 3071476 (S.D.N.Y. Nov. 15, 2005).
Further, the Court notes that the statute of limitations had not
expired at the time that the State filed its Answer, and the
Court has raised this issue sua sponte. Accordingly, the Court
will provide Petitioner with the opportunity to supplement his
Petition with information related to the issue of good cause so
the Court can determine whether a stay of the Petition is
warranted.

In the alternative, however, Petitioner may wish to delete
his unexhausted claims and proceed with his exhausted claim.
Rhines, 125 S. Ct. at 1535. If Petitioner chooses this option,
he should be aware that he will be precluded from obtaining
federal habeas review of the deleted claims at a later date. See
28 U.S.C. § 2244.

## V.   CERTIFICATE OF APPEALABILITY

Pursuant to Third Circuit Local Appellate Rule 22.2, the
Court must determine whether to issue a certificate of
appealability. A certificate of appealability may only be issued
when a petitioner makes a "substantial showing of the denial of a
constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner
establishes a "substantial showing" by demonstrating "that
reasonable jurists would find the district court's assessment of
the constitutional claims debatable or wrong." Slack v.
McDaniel, 529 U.S. 473, 484 (2000).

13

In this case, the Court is not persuaded that reasonable jurists would debate the correctness of the Court's decision to dismiss his search and seizure claim and provide Petitioner with an opportunity to show good cause to justify a stay of his remaining claims.  Accordingly, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right, and therefore, the Court declines to issue a Certificate of Appealability.

## VI.   CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Fourth Amendment claim because it fails to provide a proper basis for federal habeas relief.  Because the Petition contains both exhausted and unexhausted claims, and the AEDPA's limitations period has expired, the Court will provide Petitioner with an opportunity to inform the Court as to whether he had good cause for his failure to exhaust state remedies so that the Court can determine whether it should stay the Petition under Rhines or dismiss it as a mixed Petition under Rose.  Petitioner should be aware that if good cause is not demonstrated and the Petition is dismissed under Rose, Petitioner may be unable to seek federal habeas review of any of his claims, because any later refiling of his Petition may be barred by the AEDPA limitations period.

In the alternative, the Court will also provide Petitioner with the opportunity to delete his unexhausted claims for

14

ineffective assistance of counsel and double jeopardy and proceed
with his exhausted claim related to the alleged deprivation of
his mental illness defense.  If Petitioner chooses this course of
action, he should be aware that, by deleting his unexhausted
claims, he may be unable to obtain federal habeas review of those
claims at any future point in time.  <u>See</u> 28 U.S.C. § 2244.

An appropriate Order will be entered.